IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELIZABETH NEELY CAUSEY-ECK, | § § § § | |
| Movant, | § § | No. 3:20-cv-01485-B (BT) |
| v. | § § | No. 3:17-cr-00017-B-10 |
| UNITED STATES of AMERICA, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Elizabeth Neely Causey-Eck, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. With leave of Court, the Government filed a motion to dismiss Causey-Eck's § 2255 motion as time barred (ECF No. 14). For the following reasons, the Court should grant the Government's motion.

I.

Causey-Eck pleaded guilty to possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On September 14, 2017, the District Court sentenced her to 240 months' imprisonment. Causey-Eck appealed, but her appeal was dismissed on May 22,

1

2018 under Federal Rule of Appellate Procedure 42(b). She did not file a petition for writ of certiorari in the Supreme Court.

Causey-Eck then filed a "Motion for Permission to File a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentences" (ECF No. 1), which the Court received on June 4, 2020. On June 15, 2020, in an Order and Notice of Deficiency (ECF No. 3), the Court directed Causey-Eck to file her habeas corpus pleadings on the appropriate form. And on June 30, 2020, the Court received Causey-Eck's amended § 2255 motion (ECF No. 4).

In her amended motion, Causey-Eck argues she was denied the right to appeal and her attorney provided ineffective assistance of counsel when he: (a) failed to explain that the prosecutor could add charges after she signed the plea agreement; (b) failed to object to the drug quantity; and (c) failed to follow through with a § 5K1.1 motion. Causey-Eck did not complete the section of the form addressing the timeliness of her motion, and she did not make any other arguments related to timeliness, such as equitable tolling.

In response, the Government filed a motion to dismiss, arguing that Causey-Eck's motion should be dismissed as time barred. Causey-Eck filed a reply, and the motion is ripe for determination.

II.

A.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See*

ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). The Fifth Circuit Court of Appeals entered judgment on May 22, 2018. Causey-Eck did not file a petition for writ of certiorari, and her time for doing so expired on August 20, 2018. *See* Sup. Ct. R. 13 (a petition for writ of certiorari "is timely when it is filed . . . within 90 days after entry of the judgment."). Causey-Eck's conviction thus became final on August 20, 2018. *See Clay v. United States*, 537 U.S. 522, 532 (2003). Causey-Eck then had one year, or until August 20, 2019 , to file her § 2255 motion.

Here, Causey-Eck filed a "Motion for Permission," which was received on June 4, 2020.[1] *See* Mot. (ECF No. 1). Even treating her "Motion for Permission" as a § 2255 motion, it was filed *more than nine months* after the time to file a timely motion expired. Causey-Eck's motion is therefore untimely.

B.   Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogation on other grounds recognized by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A movant bears the burden of proof to show she is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

---

[1] A prisoner's *pro se* pleading is deemed filed on the date that it was deposited in the prison mail system. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *see also Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Causey-Eck's motion is signed in several places, but she did not date the motion. *See* Mot. (ECF No. 1).

Causey-Eck does not argue that she is entitled to equitable tolling. Likewise, she does not present an argument that could be construed as seeking entitlement to equitable tolling. Causey-Eck's motion was not timely filed, and she fails to plead any facts showing she was misled by the Government or prevented in some extraordinary way from asserting her rights. She merely filed her motion more than nine months late. Causey-Eck is therefore not entitled to equitable tolling.

Because her claims are clearly time barred, the Court need not reach the merits of Causey-Eck's arguments.

### III.

For the foregoing reasons, the Court should GRANT the Government's motion to dismiss (ECF No. 14) and DISMISS the motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 as time-barred.

Signed May 6, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).